J. Leon HALL and Mary Hall and Hall Drive-It-Yourself Company, Respondents,

v.

FARM BUREAU TOWN AND COUNTRY INSURANCE COMPANY of Missouri, Appellant.

No. 43601.

Missouri Court of Appeals, Eastern District, Division One.

April 6, 1982.

Rehearing Denied May 14, 1982.

Stephen M. Glassman, St. Louis, for appellant.

Mark T. Stoll, Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, P. C., Hillsboro, for respondents.

CRANDALL, Judge.

Appellant appeals in this court-tried case from the trial court's adverse judgment for $932.47 on respondents' claim under an insurance policy issued by appellant. We affirm.

Appellant insured respondents' 1975 Ford LTD under a policy that provided in part for "Automobile Physical Damage Insurance." Coverage E of the policy provided as follows:

> 1. COVERAGE E—Comprehensive— The Company will pay for direct and accidental loss to the described automobile, except for loss caused by collision, but only for the amount of each such loss in excess of the deductible amount, if any, stated in the Declarations thereto. For the purpose of this coverage, . . . loss caused by . . . fire . . . shall not be deemed loss caused by collision.

The policy provided, however, that Coverage E was subject to the following exclusion:

> 11. Exclusions—Coverages E and F do not apply to:
>
> . . . .
>
> (d) Damage which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage is the result of a theft covered by this policy.

On September 4, 1977, respondent J. Leon Hall and Mr. Digby Palmer were returning to Hillsboro, Missouri, in the insured car, which was towing a trailer containing two horses. Hall and Palmer smelled an odor similar to gasoline shortly after the trip began, but after examining the engine they found no obvious problems. They resumed the trip, but the car began to lose power after they traveled another 50 or 60 miles. Palmer awakened Hall and stopped the car. Smoke came from beneath the hood, and when the hood was opened, flames engulfed the engine compartment. The fire burned

approximately ten minutes before it was extinguished.

Damage to the car included a cracked engine block. Respondents submitted a claim for $997.47, which included a charge of $574.50 for a used engine and for labor and materials in replacing the original engine. Appellant claimed the cracked block was a "mechanical ... breakdown or failure" within the language of the exclusion and refused to pay the full amount of the claim.

Respondents thereafter brought suit for the damages to the automobile, vexatious delay in payment of the claim, and attorney's fees. The trial court reduced respondents' claim for towage and cleaning charges, denied the claim for vexatious delay and attorney's fees, and rendered judgment against appellant for $932.47. Appellant appeals.

■ Appellant contends that the trial court's judgment is not supported by substantial evidence because appellant's expert witness testified that the engine damage resulted from "mechanical ... breakdown or failure" and not from the fire. We disagree. The comprehensive policy in this case obligated appellant to pay for all losses, except those due to collision, that were not excluded by specific policy provisions. Respondents made a prima facie case by showing that the policy was in force at the time of the fire and that the loss occurred. See *Tuohey v. National Insurance Underwriters*, 369 S.W.2d 421, 425 (Mo.App.1963). The burden was on appellant to prove facts that would avoid liability because of the exclusion. *State Farm Mutual Automobile Insurance Company v. Johnson*, 586 S.W.2d 47, 51–52 (Mo.App.1979).

Respondent J. Leon Hall testified that the car had received regular maintenance and that it was in sound working condition before the incident. Appellant's expert testified that the fire could not have caused the engine block to crack. The trial court found in its written opinion that "[w]hat we have is a fire and damage therefrom, which damage did not exist before the fire." Obviously the court disbelieved appellant's ex-

pert and, as the trier of fact, was free to do so. *Trenton Trust Company v. Western Surety Company*, 599 S.W.2d 481, 483 (Mo. banc 1980). Appellant's contention is without merit.

Appellant further contends that the judgment should be reduced by $67.97, which represents a cost of $37.95 for replacing an unidentified switch and a charge of $30.00 for painting the sides of the car below the chrome. The trial court also resolved this factual dispute in respondents' favor.

We find after reviewing the record that the judgment is supported by substantial evidence and is not against the weight of the evidence. Furthermore, the trial court did not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Respondents move that we find appellant's appeal frivolous and, pursuant to Rule 84.19, award them attorney's fees. We cannot say that the appeal "presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect for success" or that "there was any bad faith or lack of sincerity which prompted [appellant] to bring this appeal." *Means v. Sears, Roebuck and Company*, 550 S.W.2d 780, 789 (Mo. banc 1977). We therefore deny respondents' request.

The judgment of the trial court is affirmed.

STEWART, P. J., and STEPHAN, J., concur.